**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LINDA WILSON, personal representative of the estate of RONNIE J. WILSON, individually, and ROBIN LYNN WILSON, LaTINA WILSON, and ROBENA WILSON, successors of the deceased ROBERT LYNN WILSON,<br><br>     Plaintiffs,<br> vs.-<br><br>BMG RIGHTS MANAGEMENT (US) LLC and DOES 1 through 10,<br><br>     Defendants. | Case No.: 23-CV-281<br><br>COMPLAINT FOR (1) BREACH OF CONTRACT, and (2) ACCOUNTING<br><br>JURY TRIAL DEMANDED |

  Plaintiff Linda Wilson, as personal representative of the estate of Ronnie J. Wilson, and Robin Lynn Wilson, LaTina Wilson and Robena Wilson, in their capacities as the successors of the late Robert Lynn Wilson, (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby pray for relief based on the following:

  1. This case is yet another chapter in a long-running series of disputes involving the smash musical composition and sound recording "Uptown Funk", originally credited to Bruno Mars and Mark Ronson. Plaintiffs have monetary interests in Uptown Funk owing to its incorporation of the musical composition "I Don't Believe You Want to Get Up and Dance (Oops Upside Your Head)" (the "Original Composition"). In this installment of the ongoing Uptown Funk saga, Defendant music publisher BMG Rights Management (US) LLC ("BMG") has failed and refused to pay Plaintiffs or account to them for royalties they are obligated to pay Plaintiffs pursuant to a written contract as co-writers of Uptown Funk.

**PARTIES**

  2. Plaintiff LINDA WILSON is the duly appointed personal representative of the estate of Ronnie J. Wilson, and is the widow of Ronnie J. Wilson, founder and group member of The

Gap Band, who authored, along with others, including Robert Lynn Wilson, the Original Composition. Ronnie J. Wilson died in 2021. Plaintiff Linda Wilson is a citizen of and resides in Oklahoma.

3. Robert Lynn Wilson was an individual, and a member of The Gap Band, who authored, along with his brother, the Original Composition. Robert Lynn Wilson died in 2010.

4. Plaintiff ROBIN LYNN WILSON is an individual, successor and heir to Robert Lynn Wilson, the deceased author, along with others including Ronnie James Wilson, of the Original Composition and group member of THE GAP BAND. Plaintiff Robin Lynn Wilson is a citizen of and resides in Indiana.

5. Plaintiff LaTINA WILSON is an individual, successor and heir to Robert Lynn Wilson, the deceased author, along with others including Ronnie James Wilson, of the Original Composition and group member of THE GAP BAND. Plaintiff LaTina Wilson is a citizen of and resides in Indiana.

6. Plaintiff ROBENA WILSON is an individual, successor and heir to Robert Lynn Wilson, the deceased author, along with others including Ronnie James Wilson, of the Original Composition and group member of THE GAP BAND. Plaintiff Robena Wilson is a citizen of and resides in California.

7. On information and belief, Defendant BMG RIGHTS MANAGEMENT (US) LLC is a Delaware limited liability company, registered to do business and purposefully doing business in the State of New York such that it purposefully avails itself of the protection of the laws of the State of New York.

8. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have engaged in one or more of the wrongful practices alleged herein. The true names, whether

corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue said defendants by such fictitious names, and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1332 because Plaintiffs and Defendant BMG, a citizen of Delaware, are each citizens of different states and thus have diversity of citizenship and because the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is founded under 28 U.S.C. §§ 1391 and 1400(a) because BMG's principal place of business is located in New York County, New York, and is within the Southern District of New York, and because a substantial portion of the acts and omissions complained of herein took place in this judicial district. In addition, the operative agreement between Plaintiffs and BMG, which is the basis for this action, provides that jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

12. In or about 1979, Robert Wilson and Ronnie Wilson, among others, wrote the Original Composition.

13. On or about October 25, 1978, Robert Wilson and Ronnie Wilson assigned their music publishing rights in the Original Composition to a third party. Plaintiffs are informed and believe and based thereon alleged that Robert Wilson and Ronnie Wilson's respective rights and interests in and to the Original Composition were eventually assigned to Minder Music Ltd. ("Minder").

14. On March 31, 2015, Minder entered into a written agreement (the "2015 Agreement") with Defendant BMG, Universal Music Corp., Sony/ATV Songs LLC, and Imagem C.V. (collectively the "Uptown Funk Parties") whereby the Uptown Funk Parties assigned 3.4% of the copyright in Uptown Funk to Ronnie Wilson and 3.4% to Robert Wilson as compensation for incorporating the Original Composition into Uptown Funk.

15. In the 2015 Agreement, the Uptown Funk Parties also assigned 3.4% of the Writer's Share in the Uptown Funk Musical Composition to Minder on behalf of Ronnie Wilson and another 3.4% to Minder on behalf of Robert Wilson.

16. The 2015 Agreement also assigned 3.4% of the music publishing for the Uptown Funk Musical Composition to Minder on behalf of Ronnie Wilson, and it assigned another 3.4% to Minder on behalf of Robert Wilson.

17. On or about September 27, 2016, Ronnie Wilson terminated his grant of copyright in Oops Upside Your Head to Minder. As of October 8, 2018, Ronnie Wilson owned all of his share of the Oops Upside Your Head copyright. Accordingly, he also owns 3.4% of the Uptown Funk Musical Composition. Attached as Exhibit A is the Certificate of Recordation of the terminated grant by Ronnie Wilson.

18. On November 2, 2021, Ronnie James Wilson died. Linda Wilson, his widow, was appointed as Personal Representative of the Estate of Ronnie J. Wilson on January 24, 2022.

19. On or about September 27, 2016, the heirs of Robert Wilson terminated his grant of copyright in Oops Upside Your Head to Minder. As of October 9, 2018, the remaining Plaintiffs, as the heirs of Robert Wilson, owned all of his share of the Oops Upside Your Head copyright. Accordingly, he also owns 3.4% of the Uptown Funk Musical Composition. Attached as Exhibit B is the Certificate of Recordation of the terminated grant for Robert Wilson. The 2015 Agreement further provides that the Uptown Funk Parties were to pay to Minder the 3.4% each for Robert Wilson and Ronnie Wilson of (a) all income received for the Uptown Funk Musical Composition within ten business days of the execution of the 2015 Agreement, and (b) for all income received from the exploitation of the Uptown Funk Musical Composition after the execution of the 2015 Agreement within 90 days of each semi-annual accounting period going forward.

20. The 2015 Agreement inures to the benefit of and is binding upon the parties to the agreement and their respective successors and assigns.

21. Because they terminated their grant of copyright to Minder, Ronnie Wilson and Robert Wilson were successors to Minder's interest in the 2015 Agreement. As set forth above, Plaintiffs are successors to Ronnie Wilson's and Robert Wilson's interests.

22. Plaintiffs are informed and believe and based thereon allege that sometime after the execution of the 2015 Agreement, BMG acquired Minder.

23. Minder was obligated, by both law and contract, to account for and pay to Robert Wilson and Ronnie Wilson all income received from the Uptown Funk Musical Composition.

24. By acquiring Minder, BMG is obligated, by both law and contract, to account for and pay to Robert Wilson and Ronnie Wilson all income received from the Uptown Funk Musical Composition.

25. Despite its obligations to account for and pay to Plaintiffs their share of all income received from the Uptown Funk Musical Composition, BMG has refused and failed to provide either the funds due to Plaintiffs or an accounting despite Plaintiffs' repeated demands therefor.

26. Plaintiffs are informed and believe and based thereon alleged that BMG has retained all funds due to Plaintiffs for its own benefit and enjoyment and/or wrongfully diverted such funds to the other Defendants.

27. BMG breached the 2015 Agreement by failing and refusing to make payments due to Plaintiffs under the Agreement.

28. BMG further breached the 2015 Agreement by failing and refusing to account for all income received from the Uptown Funk Musical Composition.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT (AGAINST BMG)

29. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 28, as set forth above.

30. Plaintiffs and BMG, both on its own and as the successor to Minder, entered into the 2015 Agreement, which was a legally binding agreement between them.

31. Plaintiffs fulfilled all of their obligations under the 2015 Agreement.

32. Defendants materially breached the 2015 Agreement by failing and refusing to pay Plaintiffs the monies due them for the exploitation of the Uptown Funk Musical Composition.

33. BMG's breach of the 2015 Agreement has continued despite Plaintiffs' repeated written demands for the monies owed to them under the contract.

34. BMG's breach of the 2015 Agreement has caused Plaintiffs monetary damages in excess of $75,000 including costs and interest.

## SECOND CAUSE OF ACTION
## FOR AN ACCOUNTING)

35. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 34, as set forth above.

36. Because BMG, as the successor to Minder, undertook the obligation to collect and distribute royalties for and to Plaintiffs, the 2015 Agreement created a fiduciary relationship between Plaintiffs and BMG.

37. The Agreement required BMG to pay Ronnie Wilson and Robert Wilson's heirs 3.4% of the gross income generated by the Uptown Funk Musical Composition.

38. Plaintiffs are informed and believe and based thereon allege that BMG has failed and refused to pay Plaintiffs the monies due them under the 2015 Agreement.

39. BMG had a fiduciary duty to account for and pay Plaintiffs their share of earnings from the Uptown Funk Musical Composition pursuant to the 2015 Agreement.

40. BMG has failed and refused to make such an accounting to Plaintiffs despite Plaintiffs repeated demands therefor.

41. Plaintiffs are informed and believe and based thereon allege that BMG, the other Defendants and their agents are in exclusive possession of the books, records and other documents required to determine the monies owed to Plaintiffs collected both before and after the execution of the 2105 Agreement.

42. Despite previous demands by Plaintiffs for Defendants to provide such an accounting, Defendants have failed and refused to make such an accounting or to provide sufficient documentation for Plaintiffs to calculate the sum due them.

43. Without an accounting, Plaintiffs are unaware of and cannot calculate the sums due to them.

7

44. Defendants should be required to account to Plaintiffs for any and all sums due Plaintiffs under the 2015 Agreement which are rightfully Plaintiffs' property.

45. Plaintiffs have no adequate remedy at law.

46. Based on the foregoing allegations, an accounting is necessary to determine Plaintiffs' damages and to determine monies collected by Defendants pursuant to the 2015 Agreement.

47. As a direct and proximate result of Defendants' wrongful acts, the Court should order an accounting of the monies received by Defendants pursuant to the 2015 Agreement in order to determine Plaintiffs' damages, and the Court should enter judgment ordering Defendants to pay Plaintiffs' share of those monies directly to Plaintiffs in an amount to be determined at trial, along with interest, costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, based on the above allegations, Plaintiffs pray for judgment against Defendants as follows:

1. Compensatory damages for Defendants' breach of the Contract in an amount to be proven at trial, plus accrued interest at nine percent (9%) per annum from the dates such payments were due until paid;

2. For an accounting, the imposition of a constructive trust, of all monies owed to Plaintiffs pursuant to the 2015 Agreement and under their rights as owners of the copyright in the Uptown Funk Musical Composition;

3. For an award of Plaintiffs' expenses incurred as a result of Defendants' breaches including but not limited to its attorney's fees and costs of suit;

4. For an award of pre- and post-judgment interest as required by New York law;

and

5.      For such other relief as the Court deems just and necessary.

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 12, 2023                          Respectfully submitted:

                                            By: */s/ Michael D. Steger*
                                                Michael D. Steger
                                                Law Offices of Michael D. Steger, PC
                                                30 Ramland Road, Suite 201
                                                Orangeburg, NY  10962
                                                (845) 359-4600
                                                (845) 638-2707 (fax)
                                                msteger@steger-law.com
                                                Attorney for Plaintiffs